## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DANNY JONES,**

**Petitioner,**

**vs.**                                                    **Civil No.  11-cv-1105-DRH-CJP**

**TOM SPILLER, Acting Warden,**

**Respondent.**[1]

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Danny Jones was convicted of vehicular invasion and robbery following a bench trial in the Circuit Court of Cook County, Illinois.  He was sentenced to fifteen years imprisonment on each count, to be served concurrently.  Doc. 17, Ex. D.  He filed a petition for habeas relief pursuant to 28 U.S.C. §2254 (Doc. 1), raising the following grounds:

1.     He was denied his right to represent himself.

2.     Trial counsel was ineffective in failing to inform the judge that petitioner wanted to represent himself.

### Relevant Facts

The following recitation of the facts is gleaned from the decision of the Appellate Court of Illinois, First District, on Jones' direct appeal, Doc. 17, Ex. D.

Jones was charged with vehicular invasion and robbery of Christina Watson on January 16, 2009.  The public defender was appointed to represent him on

---

[1] As Acting Warden of Pinckneyville Correctional Center, Tom Spiller is substituted as the respondent. *See* FED. R. CIV. P. 25(D)

February 19, 2009. On April 16, 2009, as discovery was incomplete, Jones' attorney asked that the case be continued to May 15, 2009. Jones addressed the court and asked that the case be tried "today." The court explained that discovery was incomplete and continued the case. On May 15, 2009, the public defender again asked for a continuance as discovery was still not complete. In particular, counsel had not yet viewed a videotape. Jones and the judge had a discussion about whether Jones could have a jury trial and whether he wanted to represent himself. The judge asked if he wanted to represent himself, or be represented by the public defender, and Jones "chose the latter." In the ensuing discussion, Jones said at one point that he "'definitely' did not want to represent himself but wanted a trial date." Ex. D, pp. 2-4.

The case was continued to June 16, 2009. On that date, the state informed the judge that the videotape was missing, and that both parties were seeking a continuance. Defendant addressed the court and told the judge that he did not agree to a continuance. The judge told Jones that counsel was not ready for trial because he did not have all of the evidence. The judge and Jones then had a lengthy discussion in which Jones demanded to go to trial that day. The judge questioned him and learned that he had no legal experience. Jones also said that he was facing "zero" prison time. The judge ultimately "placed the choice before defendant: to go to trial that day without counsel, or proceed with counsel on a later date." Jones said he wanted to go to trial that day. The judge asked him if he wanted to proceed without counsel, and Jones said "yes." The judge then

asked whether he wanted to represent himself. He answered, "No, I don't want to represent myself." The judge then asked the public defender what date he wanted for trial, and Jones stated twice that he would represent himself. However, the judge said, "No. I have heard it out of your own mouth….You don't want to represent yourself and I am not going to force you to." The judge then continued the case to July 16, 2009. Jones "blurted out 'I want to represent myself.'" Ultimately, Jones was represented by counsel at a bench trial. Doc. 17, Ex. D, pp. 4-7.

On direct appeal, Jones argued that his right to self-representation was violated, that the state failed to prove that he committed vehicular invasion because there was no evidence that he entered the car by force, and, in the alternative, that the two convictions were based on the same physical act (taking a purse from the victim's car) and therefore both cannot stand under the "one-act, one-crime rule." Doc. 17, Ex. A. The Appellate Court reversed the robbery conviction, but affirmed the vehicular invasion conviction and fifteen year sentence. Doc. 17, Ex. D, pp. 16-17.

Jones filed a petition for leave to appeal to the Supreme Court, raising only the self-representation issue. Doc. 17, Ex. E.

As Jones admits, he did not file a postconviction petition in state court. Doc. 1, p. 3; Doc. 16, p. 6.

## Applicable Legal Standards

### 1. Law Applicable §2254 Petition

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA. "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 122 S.Ct. 1843, 1849 (2002).

Habeas is *not* yet another round of appellate review. 28 U.S.C. § 2254(d) restricts habeas relief to cases wherein the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

A judgment is "contrary to" Supreme Court precedent if the state court "contradicts the governing law set forth in [Supreme Court] cases. " *Coleman v. Hardy*, 690 F.3d 811, 814 (7th Cir. 2012), citing *Williams v. Taylor*, 120 S. Ct. 1495, (2000). A state court decision is an "unreasonable application of" clearly established law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* "The relevant decision for purposes of this

assessment is the decision of the last state court to rule on the merits of the petitioner's claim." *Sanders v. Cotton*, 398 F.3d 572, 579 (7th Cir. 2005).

The scope of federal review of state court decisions on habeas is "strictly limited" by 28 U.S.C. § 2254(d)(1). *Jackson v. Frank*, 348 F.3d 658, 661 (7th Cir. 2003). The unreasonable application standard is "a difficult standard to meet." *Id.*, at 662. Even an incorrect or erroneous application of the federal precedent will not justify habeas relief; rather, the state court application must be "something like lying well outside the boundaries of permissible differences of opinion." *Id.*, at 662 (internal citation omitted).

**2.      Right to Self-Representation**

In *Faretta v. California*, 95 S. Ct. 2525, 2533 (1975), the Supreme Court held that the Sixth Amendment protects a defendant's right to represent himself, without counsel, as well as his right to be represented by counsel. The Court reaffirmed that principle in *Indiana v. Edwards*, 128 S. Ct. 2379, 2383 (2008).

A waiver of counsel must be "knowing and intelligent." *Faretta*, 95 S. Ct. at 2541. "Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Ibid*., citing *Adams v. United States ex rel. McCann*, 63 S.Ct. 236, 242 (1942). The waiver must be made "clearly and unequivocally." *Ibid.* In determining whether a defendant has made a knowing and intelligent

waiver of the right to counsel, the court will "indulge every reasonable presumption against waiver." *U.S. v. Hoskins*, 243 F.3d 407, 410 (7ᵗʰ Cir. 2001).

The two rights are mutually exclusive; exercise of one right constitutes a *de facto* waiver of the other. *U.S. v. Traeger*, 289 F.3d 461, 475 (7th Cir. 2002).

## Timeliness and Exhaustion

Respondent concedes that the petition was timely filed and that Jones exhausted his state court remedies. See, Doc. 16, p. 6.

## Analysis

### 1.    Self-Representation Claim

On habeas review, the federal court assesses the decision of the last state court to rule on the merits of the claim. *Simpson v. Battaglia*, 458 F.3d 585, 592 (7ᵗʰ Cir. 2006). In this case, that is the decision of the Appellate Court on Jones' direct appeal, Doc. 17, Ex. D.

The Appellate Court analyzed Jones' self-representation claim under *People v. Baez*, 141 Ill. 2d 44 (Ill. 2011), which, in turn, relied upon *Faretta v. California*, 95 S. Ct. 2525, 2533 (1975). The state court observed that a waiver of counsel must be made knowingly and intelligently. Ex. D, pp. 9-10. Further, it noted that the waiver must be "clear and unequivocal, not ambiguous." Ex. D, p. 10. The state court was also aware that it must indulge every reasonable presumption against waiver of the right to counsel. *Ibid.* Thus, the Appellate Court correctly identified the governing legal principles as declared by the Supreme Court. Thus, petitioner fails to meet the "contrary to" prong of

§2254(d).

Jones also fails to meet the "unreasonable application" prong of §2254(d). The Appellate Court examined in detail the back-and-forth exchanges between the trial judge and Jones, and determined that Jones' "requests to proceed to trial without counsel were ambiguous at best, contingent upon his more urgent goal of proceeding immediately to trial." Ex. D, p. 11. The Appellate Court noted that Jones made statements such as "I would love [counsel's] help, but he doesn't want to help me" because counsel would not agree to an immediate trial, and "I want him, but I want him to go today." Jones also stated, "No I don't want to represent myself." Ex. D, p. 11. While Jones also made "facially unconditional demands to proceed pro se after the court ruled," the Appellate Court concluded that the trial court reasonably determined that Jones "did not truly desire to represent himself but at the time thought it the only way to proceed to trial immediately" Ex. D, pp. 11-12.

The Appellate Court considered whether the record demonstrated that Jones made an intelligent and knowing waiver of his right to counsel. It concluded that he had not. On the contrary, Jones' statements to the trial court demonstrated that he did not fully understand the proceedings as he said that he "faced 'zero' prison time by going to trial." Ex. D, p. 12.

It is patently obvious that the state court decision was not an unreasonable application of Supreme Court precedent. As the state court noted, Jones went back and forth, saying both that he wanted to represent himself and that he

wanted counsel. It was therefore reasonable to conclude that he did not clearly and unequivocally waive his right to counsel. Further, in view of his stated belief that he faced "zero" prison time, it was reasonable to conclude that any attempted waiver was not knowing and intelligent.

**2.     Ineffective Assistance of Counsel**

Respondent argues that Jones's claim of ineffective assistance of counsel is procedurally defaulted.

A habeas petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. *Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995). Before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999), see also 28 U.S.C. §2254(c). Under the Illinois two-tiered appeals process, a petitioner must fully present his claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one. *Id.* at 843-846.

Jones admits that he did not raise the issue of ineffectiveness of trial counsel at all in state court. He says that he did not raise the issue because he did not know he could do so. Doc. 1, p. 10. The issue is procedurally defaulted.

Procedural default may be excused if the petitioner shows either (1) cause for the default and actual prejudice, or (2) that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 111 S. Ct. 2546, 2565 (1991). Cause in this context means "some external impediment." *Id.*, 111 S. Ct. at 2566. Jones has made no attempt to meet either circumstance, and, on the facts of this case, he could not.

**3.     Certificate of Appealability**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). No reasonable jurist could find the above assessment of plaintiff's claims to be debatable. See, *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000). Accordingly, the Court denies a certificate of appealability.

<u>**Conclusion**</u>

Danny Jones' petition for habeas relief under 28 U.S.C. §2254 (Doc. 1) is **DENIED**. This cause of action is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

David R. Herndon
2013.12.07
09:40:25 -06'00'

Signed this 7th day of December, 2013.

**Chief Judge**
**U.S. District Court**